**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4928**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JONATHAN MAURICE USSERY,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:11-cr-00032-MR-DLH-1)

Submitted: May 23, 2014          Decided: June 6, 2014

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ross H. Richardson, First Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Maurice Ussery pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to seventy-nine months in prison. Ussery reserved the right to appeal the district court's denial of his motion to suppress the firearm recovered subsequent to a Terry[*] stop. We affirm the judgment of the district court.

When considering a district court's ruling on a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). Where the district court has denied a motion to suppress, we construe the evidence in the light most favorable to the government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

Consistent with the Fourth Amendment, a police officer may stop a person for investigative purposes when the officer has reasonable suspicion based on articulable facts "that criminal activity 'may be afoot.'" United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting Terry, 392 U.S. at 30). Whether there is reasonable suspicion to justify the stop depends on the

_____

[*] Terry v. Ohio, 392 U.S. 1 (1968).

2

totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop.  Id. at 273-74; United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011).   The reasonable suspicion assessment is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their practical experience and training.  United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004).

With these standards in mind, and having carefully reviewed the transcript of the suppression hearing, the record, and the parties' briefs, we conclude that the officers had reasonable suspicion to initiate a Terry stop and that the district court properly denied Ussery's motion to suppress. Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3